UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| IN RE XEROX SECURITIES LITIGATION | : : : | Civil No. 3:99CV2374(AWT) |

**RULING ON PLAINTIFFS' MOTIONS TO INTERVENE, TO BE ADDED OR
SUBSTITUTED AS NAMED OR LEAD PLAINTIFFS AND CLASS
REPRESENTATIVES, AND FOR CLASS CERTIFICATION**

IBEW Local 164 Welfare Fund ("IBEW") has filed a motion under Fed. R. Civ. P. Rules 23, 24(a) and 24(b) to intervene and serve as a named plaintiff and class representative. Counsel for the plaintiffs and IBEW stated in connection with that motion that three of the five lead plaintiffs had withdrawn and the remaining two lead plaintiffs were being challenged as class representatives. (One of the two remaining lead plaintiffs has since withdrawn.) Prior to this time, it appears IBEW has not been involved in this action, although it may be a member of the putative class. Apparently, there has not been any class discovery as to IBEW, and neither IBEW nor the plaintiffs have objected to the defendants' contention that class discovery is required before IBEW can be appointed a class representative.

In a subsequent motion, Robert W. Roten ("Roten") and IBEW moved jointly, as proposed co-lead plaintiffs, pursuant to Rule 23 of the Federal Rules of Civil Procedure to be added as "Lead Plaintiffs and class representatives." The motion and supporting memorandum refer to the motion as "a motion to substitute",

without clarifying whether Roten and IBEW are being added or substituted, and, if substituted, for whom.

The court has concluded that, under the circumstances described in these papers, it would be most appropriate, in view of the intent and purposes of the Private Securities Litigation Reform Act of 1995, to determine whether any of the "Additional Class Movants" (see Mem. in Supp. of Proposed Xerox Lead Pls.' Mot. for Consolidation, Appointment as Lead Pls. and for Approval of Proposed Xerox Lead Pls.' Selection of Liaison Counsel and Lead Counsel (Doc. No. 19), Sched. A) desires at this time to serve as a lead plaintiff and class representative before any determination is made as to the appointment of new lead plaintiffs.  Accordingly, within 10 days the parties shall submit to the court a form of notice to the Additional Class Movants.  The notice shall advise the Additional Class Movants about the circumstances surrounding the withdrawal of four of the five Lead Plaintiffs.  Counsel for the parties shall endeavor to agree upon the form of the notice.  In the event of a disagreement as to any particular language in the notice, counsel for the parties shall highlight the disputed language and separately advise the court as to their positions with respect to the disputed language.

The plaintiffs also have filed a motion for class certification.  In light of the plaintiffs' intention to request a change with respect to lead plaintiffs and proposed class

representatives, and the extent of the proposed change, that motion is being denied without prejudice.

Upon compliance with the order to be issued by the court approving the form of notice to the Additional Class Movants, IBEW, Roten and/or the plaintiffs may file or refile the motions that are being denied without prejudice herein.

For the foregoing reasons, the Motion for Class Certification (Doc. No. 124) is hereby DENIED without prejudice; IBEW Local 1644 Welfare Fund's Motion to Intervene and Serve as a Named Plaintiff and Class Representative (Doc. No. 245) is hereby DENIED without prejudice; and Robert W. Roten and IBEW Local 164 Welfare Fund's Motion to Substitute as Lead Plaintiffs and Proposed Class Representatives (Doc. No. 258) is hereby DENIED without prejudice.

It is so ordered.

Dated this 12th day of May 2006, at Hartford, Connecticut.

/s/Alvin W. Thompson

_____
Alvin W. Thompson
United States District Judge