```
                      UNITED STATES DISTRICT COURT
                        DISTRICT OF CONNECTICUT

------------------------------x
                              :
                              :
IN RE XEROX CORPORATION       :         Civil Action No.
SECURITIES LITIGATION         :         3:99CV02374 (AWT)
                              :
                              :
------------------------------x
```

## ORDER RE MOTION TO EXCLUDE THE TESTIMONY OF WAYNE GUAY

For the reasons set forth below, the Lead Plaintiffs' Motion to Exclude the Testimony of Wayne Guay (Doc. No. 390) is hereby DENIED.

This motion is one of three motions filed by the lead plaintiffs to exclude the testimony of the defendants' experts. The background of this case and the applicable legal standard are set forth in the Ruling on Motion to Exclude the Expert Testimony of Professor Paul A. Gompers (Doc. No. 461).

The plaintiffs contend that Prof. Guay's testimony should be excluded because (i) it is not relevant; (ii) it addresses matters capable of being determined by the trier of fact; and (iii) its probative value is outweighed by its prejudicial effect.  The court finds none of these arguments persuasive.

The plaintiffs argue that Prof. Guay's testimony is not relevant because he did not consider whether the "Insiders were in possession of material non-public information at the time of their securities trades." (Pl.'s Mem. Supp. Mot. Exclude (Doc.

No. 390)(hereinafter "Pl.'s Br.") at 2.)  However, since the beginning of this case, the plaintiffs have taken the position that the timing and magnitude of stock sales by the "Insiders" is probative of scienter.  (See Amended Consolidated Class Action Complaint (Doc. No. 42) at ¶¶ 93-96.)  The plaintiffs scienter allegations based on trades by the "Insiders" do not rely upon subjective knowledge on the part of the "Insiders".  Thus, Prof. Guay's rebuttal to those allegations properly does not rely upon such subjective knowledge either.  Prof. Guay's testimony is relevant because it will assist the jury in evaluating the plaintiffs' contentions based on trades by the "Insiders".

    The plaintiffs also argue that testimony by Prof. Guay and his report should be excluded because they address "lay matters which a jury is capable of understanding and deciding without the expert's help." Andrews v. Metro N. Commuter R.R. Co., 882 F.2d 705, 708 (2d Cir. 1989).  They contend that "[t]he number of shares held by the Insiders is an issue that is capable of being addressed by the jury without the assistance of the expert's testimony."  (Pl.'s Br. at 13.)  Prof. Guay bases his opinion on raw trading data.  His expertise and experience allowed him to conduct a more complete analysis of the trading patterns of the "Insiders" than a jury could perform on its own and thus will enhance the jury's understanding of the various data.  In addition, Prof. Guay, as reflected in his report, will provide

context against which the plaintiffs' allegations with respect to trading by the "Insiders" can be considered. See S.E.C. v. Rozak, 495 F.Supp.2d 875, 883 (N.D. Ill. 2007)(finding that the providing of context to trades of defendant would "assist the trier of fact in evaluating the plausibility of the explanations offered by [the defendant].").

The plaintiffs also argue that the probative value of Prof. Guay's testimony is outweighed by its prejudicial effect.  The plaintiffs make four points in support of this argument.  First, they argue his testimony will not be helpful to the jury; this argument has already been rejected by the court.  Second, the plaintiffs argue that the Guay report would be prejudicial because it is based "to some extent" on a "very rough cut of the trading data." (Pl.'s Br. at 12 n.8)(citation and alteration omitted).  This point lacks merit for the reasons set forth by the defendants in their memorandum.  (See Def.'s Mem. Opp. Mot. Exclude (Doc. No. 410) at 9-10.)  Third, the plaintiffs argue, in conclusory fashion, that Prof. Guay's testimony and his report may confuse the jury as to the ultimate issue and usurp the court's role in instructing the jury as to the applicable laws and standards.  The court sees no reason why customary limiting instructions and/or jury instructions with respect to expert witnesses will not be effective with respect to Prof. Guay. Fourth, the plaintiffs argue that Prof. Guay's testimony has no

-3-

probative value because "it bears no relationship to the Insider's knowledge or state of mind." (Pl.'s Br. at 12.)  This argument lacks merit because Prof. Guay's testimony has probative value for the reasons discussed above.

It is so ordered.

Dated this 22nd day of April 2009 at Hartford, Connecticut.

>            /s/ AWT
>         Alvin W. Thompson
>     United States District Judge